1   Nicholas M. Wajda (Cal. Bar No. 259178)
2   **WAJDA LAW GROUP, APC**
    3111 Camino Del Rio North, Suite 400
3   San Diego, CA 92108
    Telephone: (310) 997-0471
4   Facsimile: (866) 286-8433
    nick@wajdalawgroup.com
5
6   *Attorney for the Plaintiff*

7               **UNITED STATES DISTRICT COURT**
              **SOUTHERN DISTRICT OF CALIFORNIA**
8

| | |
|---|---|
| 9  CUAUHTEMOC V. URIBE, | Case No.  **'21 CV0659 WQHAGS** |
| 10             Plaintiff, | **COMPLAINT FOR DAMAGES** |
| 11       v. | 1. **VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227 ET SEQ** |
| 12  AMERICAN HONDA FINANCE CORPORATION | 2. **VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 *et seq*.** |
| 13             Defendant. | |
| 14 | |
| 15 | **JURY TRIAL DEMANDED** |

16
17       **NOW COMES**, CUAUHTEMOC V. URIBE, through undersigned counsel, complaining

18  of AMERICAN HONDA FINANCE CORPORATION as follows:

19                          **NATURE OF THE ACTION**

20       1.     This action seeks redress for AMERICAN HONDA FINANCE CORPORATION's

21  violations of the Telephone Consumer Protection Act, 47. U.S.C. §227 *et seq.*, and the Rosenthal

22  Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 *et seq.*

23                          **JURISDICTION AND VENUE**

24

25       2.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

26       3.     This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

27       4.     Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

28

**PARTIES**

5.     CUAUHTEMOC V. URIBE ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in this federal jurisdiction.

6.     Plaintiff is a "consumer" as defined by Cal. Civ. Code § 1788.2(h).

7.     Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

8.     AMERICAN HONDA FINANCE CORPORATION ("Defendant") is a corporation organized under California law.

9.     Defendant maintains its principal place of business at 20800 Madrona Avenue, Torrance, California, 90503.

10.     Defendant provides the financing needs of consumers of Honda products including but not limited to automobile finance.

11.     Defendant is a debt collector as defined by Cal. Civ. Code § 1788.2(c).

12.     Defendant is a "person" as defined by 47 U.S.C. § 153(39).

**FACTUAL ALLEGATIONS**

13.     At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 7510.

14.     At all times relevant, Plaintiff's number ending in 7510 was assigned to a cellular telephone service as defined by 47 U.S.C. § 227(b)(1)(A)(iii).

15.     At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

16.     At some point in time, Plaintiff applied and was approved for a loan with Defendant ("subject debt").

17.     Due to unforeseen financial difficulties, caused by the Covid-19 Pandemic, Plaintiff was unable to make timely payments on the subject debt.

2

18.    Plaintiff felt a sense of relief when he was able to qualify for a forbearance program offered by Defendant.

19.    Unfortunately, Defendant started an aggressive collection call campaign against Plaintiff.

20.    Specifically, on or around mid-February of 2021, Plaintiff's account was still subject to the , but Defendant's aggressive collection call campaign continued.

21.    In each call that Plaintiff answered, he was required to say hello prior to hearing a period of silence and/or dead air before a representative of Defendant's came on  to the line.

22.    Plaintiff explained his situation to Defendant on numerous occasions to no avail.

23.    On or around March 31, 2021 Plaintiff specifically requested that Defendant stop contacting him regarding the subject debt.

24.    Plaintiff explained that his account was still subject to forbearance and he no longer wished to receive phone calls.

25.    Despite Plaintiff's request for the calls to stop, along with informing Defendant that his account was still subject to the forbearance, Defendant has continued to call Plaintiff.

26.    Defendant has placed phone calls to Plaintiff from various phone numbers, including but not limited to 866-950-7780.

## DAMAGES

27.    Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

28.    Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the phone calls, decreased daily productivity, aggravation that accompanies unwanted telephone calls,

emotional distress, mental anguish, anxiety, loss of concentration, diminished value and functionality of his cellular phone, the loss of battery charge, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his cellular phone.

29.     Moreover, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize his cellular phone while his phone was ringing.

**COUNT I**
**Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)**

30.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

31.     The TCPA defines ATDS as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

32.     Upon information and belief, the system used by Defendant to place calls to Plaintiff has the capacity to use a random or sequential number generator to determine the order in which to pick phone numbers from a preloaded list of numbers of consumers that are allegedly in default on their payments.

33.     Accordingly, the system employed by Defendant has the capacity – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

34.     Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii) by placing numerous non-emergency calls, including but not limited to the aforementioned collection calls, to Plaintiff's cellular telephone, utilizing an ATDS without Plaintiff's consent.

35.     As pled above, Plaintiff revoked consent to be called on his cellular phone on multiple occasions during answered calls.

4

36.     As pled above, Plaintiff was severely harmed by Defendant's collection calls to his cellular phone.

37.     Upon information and belief, Defendant has no system in place to document whether it has consent to contact consumers on their cellular phones.

38.     Upon information and belief, Defendant has no policies and procedures in place to honor consumers' requests that collection calls cease.

39.     Upon information and belief, Defendant knew its collection practices violated the TCPA, yet continued to employ them in order to maximize efficiency and revenue.

40.     As a result of Defendant's violations of 47 U.S.C. §227(b)(1)(A)(iii). Plaintiff is entitled to receive $500.00 in damages for each violation.

41.     As a result of Defendant's knowing and willful violations of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

**WHEREFORE**, Plaintiff requests the following relief:

A.     a finding that Defendant violated 47 U.S.C. § 227 *et seq.*;

B.     an award of statutory damages of at least $500.00 for each and every violation;

C.     an award of treble damages of up to $1,500.00 for each and every violation; and

D.     an award of such other relief as this Court deems just and proper.

**COUNT II**
**Violations of §1788.11 of the RFDCPA**

42.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

43.     California Civil Code § 1788.11(d) and (e) provides:

No debt collector shall collect or attempt to collect a consumer debt by means of

5

the following practices; (d) Causing a telephone to ring repeatedly or continuously to annoy the person called or (e) Communicating by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances.

44.     Defendant violated California Civil Code § 1788.11(d) and (e) when it continued to contact Plaintiff after Plaintiff requested the calls cease and informed them that his account was still subject to the forbearance.

45.     Defendant's unwanted and unconsented to collection calls can only be interpreted as intentional in hopes to elect payment from Plaintiff.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor as follows:

a.   Declaring that the practices complained of herein are unlawful and violate the RFDCPA;

b.   Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying RFDCPA violations;

c.   Awarding Class Members statutory damages;

d.   Awarding the Plaintiff costs and reasonable attorney fees; and

e.   Awarding any other relief as the Honorable Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

DATED: April 15, 2021                                        Respectfully submitted,

CUAUHTEMOC V. URIBE

By: */s/ Nicholas M. Wajda*

Nicholas M. Wajda
**WAJDA LAW GROUP, APC**
3111 Camino Del Rio North, Ste. 400
San Diego, CA 92108

6

1

2

+1 310-997-0471
nick@wajdalawgroup.com

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28